UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENIA PINKARD,

              Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; THE NEW YORK CITY LAW DEPT.; MADELINE KNUTSA, as counsel,

              Defendants.

24-CV-6018 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking New York criminal laws for perjury, N.Y. Penal Law § 210.00, and falsifying business records, N.Y. Penal Law § 175.[1] She sues the New York City Department of Education ("DOE"), the New York City Law Department, and its attorney, Madeline Knutsa. By order dated August 9, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* L*ivingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] On August 20, 2024, the Court received Plaintiff's letter adding additional background information about her employment with the DOE. (ECF 5.)

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings claims arising out of the termination of her employment with the New York City DOE.[2] From September 2004 until September 2005, Plaintiff worked as a school secretary. *Id.* at *1. In September 2005, she was terminated from her position. The DOE continued to employ Plaintiff in various capacities, but these assignments did not allow her to participate in the Teachers' Retirement Service plan. In 2006, Plaintiff filed a grievance with DOE, and the regional superintendent reversed the 2005 termination. Plaintiff did not learn of that decision until 2009. At that time, Plaintiff was reinstated, and the DOE calculated that it owed her $91,067.88 in back pay. She received a net payment of $51,057.71. Plaintiff was terminated again in 2010, this time on the stated ground of excessive absences.

---

[2] Because the allegations of the complaint are missing context that would allow the events to be understood, the Court includes the following background summary drawn from an order in Plaintiff's recent employment discrimination suit, which cites to her amended complaint in that action. *Pinkard v. NYC Dep't of Educ.*, No. 23-CV-1640, 2023 WL 2868453, at *1 (E.D.N.Y. Apr. 10, 2023). Plaintiff's August 20, 2024 letter in this action confirms this background. (ECF 5.)

Plaintiff has filed multiple actions related to these events "in New York Supreme Court, Kings County: Index Nos. 1123193/08, 260050/09, 101971/15, 1011610/19 and 101129/21." *Pinkard*, 2023 WL 2868453, at *2. In addition to her federal action in the Eastern District of New York, Plaintiff has also brought multiple actions in the Southern District of New York:

> based on events . . . that occurred between 2004 and 2010. All named DOE as one of the defendants. And all were dismissed with prejudice. *See Pinkard v. NYC Dep't of Educ.* ("*Pinkard I*"), No. 11-CV-5540, 2012 WL 1592520 (S.D.N.Y. May 2, 2012) (dismissing the plaintiff's discrimination claims based on her 2005 termination, her 2006 grievance, shortcomings in her union representation in 2008–2009 and her 2009 reinstatement as untimely, and dismissing claims related to her 2010 termination and retaliation for failure to state a claim); *Pinkard v. New York City Dep't of Educ.* ("*Pinkard II*"), No. 13-CV-2745 (S.D.N.Y. Sept. 30. 2014) (dismissing Title VII and due process claims as untimely, as barred by *res judicata* and for failure to state a claim); *Pinkard v. New York City Dep't of Educ.* ("*Pinkard III*"), No. 15-CV-7037 & *Pinkard v. United Federal of Teachers* ("*Pinkard IV*"), No. 15-CV-7038 (S.D.N.Y. Oct. 19, 2015) (dismissing both cases on *res judicata* grounds and warning the plaintiff that further duplicative litigation would result in a filing injunction).

*Id.* at *2.

In this action, Plaintiff's complaint refers to a proceeding in 2024, at "60 Centre Street," which is where the Supreme Court of the State of New York, New York County sits. (ECF 1 at 5.) At that proceeding, New York City Law Department attorney Madeline Knutsa testified, regarding Plaintiff's statements about being a tenured employee, that "what [Plaintiff] was saying was not in the DOE records." (*Id.* at 6.) Plaintiff contends that Knutsa made "false sworn statements," which is "perjury." (*Id.*)

Plaintiff asks this Court "to decide if [she is] a probationary or a tenured appointed civil service employee . . . ." (*Id.*) She invokes New York Penal Laws and asks the Court to "hold all parties in the DOE and Law Department accountable." (*Id.*) Plaintiff further seeks to "remove all negative, illegal references from [her] records that [identifies her] as [having been] a

probationary employee." (*Id.*) Plaintiff sues the DOE, the New York City Law Department, and government attorney Knutsa.

## DISCUSSION

### A.   Prosecuting Criminal Charges

Plaintiff invokes the New York Penal Code as the sole basis for her claims. Plaintiff cannot initiate the criminal prosecution of an individual in this court, however, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims alleging violations of the New York Penal Code for failure to state a claim on which relief can be granted. *See* 28 U.S.C § 1915(e)(2)(B)(ii).

### B.    Civil claims for "false" testimony

Plaintiff's claims against New York City Law Department Attorney Knutsa must be dismissed for the additional reason that Knutsa is immune from suit for the challenged conduct. "As a general principle, a government attorney is entitled to absolute immunity when functioning as an advocate of the [government] in a way that is intimately associated with the judicial process." *See Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This doctrine of absolute immunity for government attorneys covers "the functions of a government attorney 'that can fairly be characterized as

4

closely associated with the conduct of litigation or potential litigation' in civil suits." *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)).[3]

Here, Plaintiff alleges that government attorney Knutsa testified at an unspecified New York State Court proceeding that "what [Plaintiff] was saying was not in the DOE records." (*Id.* at 6.) Defendant Knutsa's actions – forming an opinion about DOE records and explaining her conclusions in court in defense of her client's position – is conduct closely associate with litigation in a civil suit. Plaintiff's claims against Defendant Knutsa are therefore dismissed because she seeks relief from a defendant who is immune from suit.

### C. New York City Law Department

Plaintiff's allegations fail to state a claim against the New York City Law Department. As an initial matter, because "the New York City Law Department is an agency of the City of New York, the City of New York is the only appropriate municipal Defendant." *Petyan v. New York City L. Dep't*, No. 14-CV-1434 (GBD), 2015 WL 4104841, at *2 (S.D.N.Y. July 2, 2015); N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

Even if Plaintiff had brought her claims against the City of New York, when a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,*

---

[3] Non-attorney witnesses are also immune from civil suits for their testimony in court. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012) ("The possibility of civil liability was not needed to deter false testimony at trial because other sanctions – chiefly prosecution for perjury – provided a sufficient deterrent.").

5

563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). In other words, to state a Section 1983 claim against a municipality like the City of New York, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997).

Plaintiff does not allege any facts showing that that a policy or custom of the City of New York caused a violation of her rights. Moreover, Plaintiff's claims against the New York City Law Department arise from her allegations that its attorney gave false testimony in court proceedings, which does not state a cognizable claim. The Court therefore dismisses Plaintiff's claims against the New York City Law Department for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

D.   **Probationary employee status**

The Court has dismissed Plaintiff's claims against all defendants, for the reasons set forth above. Plaintiff further argues, however, that she needs "this Court to decide if [she is] a probationary or a tenured appointed civil service employee," because the government attorney in her state court proceeding has led that court "to believe that [she] had no rights." (ECF 1 at 6.) Plaintiff's allegations about her probationary status do not comply with Rule 8 of the Federal Rules of Civil Procedure because she does not make a short and plain statement of the claim in her complaint. It is unclear if Plaintiff is referring to her status at the time of her first termination in 2005, her second termination in 2010, or her current status.

Moreover, it would be futile to grant Plaintiff leave to amend to clarify these allegations because it is apparent from the complaint that Plaintiff is currently litigating, or has already litigated, this matter in the New York State Supreme Court. Plaintiff has been repeatedly advised that federal district courts do not hear appeals from state court decisions and lack authority to "reverse" state court decisions. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) (holding that the statute authorizing original federal jurisdiction, 28 U.S.C. § 1331, "does not authorize district courts to exercise appellate jurisdiction over state-court judgments[.]"); *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) (district courts are barred from "hearing cases that in effect are appeals from state court judgments, because the Supreme Court [of the United States] is the only federal court with jurisdiction over such cases." (citing 28 U.S.C. § 1257)). Plaintiff has also been warned on multiple occasions that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000). Because Plaintiff cannot ask this Court to reverse any decision of the state court and cannot relitigate issues that have been finally decided by a court as between the parties, the Court declines to grant Plaintiff leave to amend to clarify her allegations that she is or was not a probationary employee of the DOE.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   September 4, 2024
           New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge